IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NOS. AP-75,313; AP-75,314; AP-75,315 & AP-75,316






EX PARTE JASON VIDAL, Applicant






ON APPLICATION FOR A WRIT OF HABEAS CORPUS


FROM CAUSE NOS. 002643- A, 002644-A, 995247-A AND 995391-A IN THE 331ST
JUDICIAL DISTRICT COURT OF TRAVIS COUNTY





 Per curiam.


O P I N I O N 




 This is a post-conviction application for a writ of habeas corpus forwarded to this
Court pursuant to Tex. Code Crim. Proc. art. 11.07, § 3, et seq.. Applicant was convicted
of five charges of aggravated robbery, and punishment was assessed at twenty-five years'
confinement. No direct appeal was taken.

 Applicant contends, inter alia, that he was denied his right to appeal. The trial court
entered findings of fact and conclusions of law recommending that Applicant be granted an
out-of-time appeal. We agree. Tex. Code Crim. Proc. art. 26.04 (j) (2), requires appointed
counsel to "represent the defendant until charges are dismissed, the defendant is acquitted,
appeals are exhausted, or the attorney is relieved of his duties or replaced by other counsel". 
The duty to perfect an appeal attaches whether counsel is appointed or retained. See Ex parte
Axel, 757 S.W.2d 369 (Tex. Crim. App. 1988). Knowing that Applicant wanted to appeal,
counsel had the duty to timely file a motion for new trial or give timely notice of appeal,
unless relieved by the trial court or replaced by other counsel. While counsel did file a
motion for a new trial in this case, no notice of appeal was filed, and no appellate counsel
was appointed after trial counsel was allowed to withdraw from the representation. 

 Habeas corpus relief is granted and Applicant is granted an out-of-time appeal from
his convictions in cause numbers 002643-A, 002644-A, 995247-A, and 995391-A from the
331st District Court of Travis County. The proper remedy in a case such as this is to return
Applicant to the point at which he can give notice of appeal. For purposes of the Texas
Rules of Appellate Procedure, all time limits shall be calculated as if the conviction had been
entered on the day that the mandate of this Court issues. We hold that Applicant, should he
desire to prosecute an appeal, must take affirmative steps to see that notice of appeal is given
within thirty days after the mandate of this Court has issued.

 Applicant's remaining claims are dismissed. See Ex parte Torres, 943 S.W.2d 469
(Tex. Crim. App. 1997).

DO NOT PUBLISH

DELIVERED: December 14, 2005